### KIBLER v. SOUTHERN RY.

1. PUNITIVE   DAMAGES—CONDUCTOR—RAILROADS—NONSUIT.—Allegations that a conductor wilfully, wrongfully, unlawfully and intentionally refused one passage on a train who has tendered the legal fare, makes a cause of action for punitive damages, and there being evidence tending to support these allegations, nonsuit was properly refused.

2. IBID.— IBID.— IBID.— IBID.— PASSENGER— JURY.— Punitive damages may be given for wanton, oppressive, rude and insulting conduct of conductor to passenger, and there being evidence to that effect, this was a question for jury.

3. RES JUDICATA.—A legal proposition charged by a Circuit Judge on former trial and not appealed from, is not binding on subsequent Judge on new trial of same case ordered by this Court, as the law of the case.

4. RAILROADS—PASSENGER.—Can a railroad company charge a rebate of twenty-five cents of passenger not buying ticket?

Before GARY, J., Newberry, February term, 1902.   Affirmed.

Action by Wm. Kibler against Southern Railway.   From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: *Complaint does not allege facts warranting punitive damages, and no proof of actual damages:* 5 Ency. P. & P., 723; 10 S. E. R., 200;

10 A. E. Ry. Ca., 174; 34 S. C., 67; 3 Thom. Neg., sec. 3291. *In action for punitive damages, damages from ordinary negligence are not recoverable:* 61 S. C., 170. *Twenty-five cents excess fare is not a charge, but a valid regulation:* 62 S. C., 251; 3 Thom. Neg., sec. 2608; 25 Ency., 1 ed., 1104; 5 Ency., 2 ed., 595; 1 Elliott, sec. 200; Hutch. on Carr., sec. 571; 3 Wood, sec. 360; 5 L. R. A., 817; 17 Am. St. R., 818.

*Messrs. Johnstone & Welch,* contra (oral argument).

June 14, 1902. The opinion of the Court was delivered by

MR. JUSTICE POPE. The pleadings and, in the main, the facts in this cause are fully set forth in the report of the first appeal herein, *Kibler* v. *Southern Railway Company,* 62 S. C., 252. Under the judgment of this Court, a new trial was had before his Honor, Judge Ernest Gary, and a jury, resulting in a verdict for plaintiff for $400. After entry of judgment an appeal was taken from such judgment on the following grounds:

"I. Error in overruling the defendant's motion for a nonsuit upon the following grounds: (1) The complaint does not allege facts which would warrant a verdict for punitive damages and there is no evidence of actual damages. (2) There is no evidence tending to show malice, fraud, wantonness or oppressive, insulting or rude conduct on the part of the defendant or its servants. (3) In an action for punitive damages resulting from an alleged wilful tort, damages resulting from ordinary negligence are not recoverable.

"II. Error in refusing defendant's first request to charge, and in holding that the complaint stated sufficient facts to warrant a recovery of punitive damages.

"III. Error in refusing the defendant's eighth request to charge, as follows: 'A railroad company has the right to impose an excess charge of twenty-five cents upon passengers who fail to buy tickets when opportunity is offered, and

.rebate check is furnished,' and in charging: 'I refuse to charge you that, because it is in conflict with the statute law of this State. The statute has defined what they shall charge, and they have no right, under any construction of the law, to charge in excess of that amount,' and in charging: 'The railroad company would have no right, where the passenger refuses to pay the legal rate of transportation— and I mean by legal rate that fixed by the act of the General Assembly—that the railroad company has no right to charge him any excess either by rebate check, or drawback check or otherwise.' Specifications: (1) The right to impose this excess has been settled upon the former trial of this case by the decision of Judge Izlar, from which there was no appeal. It is the law of the case. (2) The imposition of this excess is not a charge, but a reasonable regulation conducive to the orderly conduct of business, and is valid. (3) The defendant had the right under the statutes of this State and under the regulations of the railroad commissioners offered in evidence to impose this excess."

*First.* As to the exception that the Circuit Judge erred in his refusal to grant a nonsuit:

(1) We think the allegations of fact in the complaint herein in its third, fourth, fifth and sixth paragraphs abundantly warrant a verdict for punitive damages. When the conductor of a train wilfully, wrongfully, unlawfully and intentionally refuses a citizen passage thereon after he has offered to pay the legal fare for such passage, and actually causes him to leave the train before arriving at his destination, a cause of action for punitive damages exists. Thus subdivision (1) is overruled.

(2) The evidence tended to show that the citizen who tendered the legal fare was ordered from the train, and that there were other passengers on board to witness the plaintiff's humiliation, when required to leave the train. This testimony was before the jury. It was before the Court when this motion for nonsuit was refused. It was for the jury to weigh it to see if there was malice, fraud, wanton-

ness, etc.   The Circuit Judge committed no error, as here pointed out.   Subdivision 2 of exception 1 is overruled.

(3) It is quite true that punitive damages do not result from ordinary negligence.   Nevertheless, such damages do arise from wantonness, oppression or rude and insulting conduct of a conductor to a passenger; it was the duty of the jury, and not the Circuit Judge, to determine if the testimony offered by the plaintiff established such a delict in the conductor towards this passenger.   The Circuit Judge did his duty when he declined to weigh the testimony.   Its existence was his duty to determine on this motion.   There was no error here.   Subdivision 3 is overruled.

*Second.* It is complained that the Circuit Judge erred in refusing to charge the first request of the defendant.   The "Case" for appeal fails to state to us what this request was: On page 43 there is a blank space left for its insertion in the "Case."   It is overruled.

So far as the second branch of exception 2 is concerned, to wit: that the complaint failed to state facts to warrant a recovery of punitive damages, we have already held that the allegations of paragraphs 4, 5 and 6 of the complaint are sufficient upon which to bottom a recovery of punitive damages if the same are sustained by the testimony, and that there was testimony offered by the plaintiff tending to establish such damages.   This exception is overruled.

*Third.* The Circuit Judge refused to charge defendant's eighth request, which request is copied in the third exception already quoted in this opinion.   The legality of Judge Izlar's charge during the first trial in relation to the right of railroads to charge an excess of twenty-five cents where a person fails to purchase a ticket, was not involved in the former appeal in this case.   Hence this Court could not and did not pass upon Judge Izlar's charge. It is only where this Court passes upon a question brought

before it by exception that our judgment is conclusive upon
parties to a cause in a second or new trial.

We think Jude Gary was right in refusing to charge the
eighth request of defendant.   But whether he was right or
wrong in such declaration of the law, it will not affect this
case, for the reason that defendant railroad had no
tickets for sale at its agency in Newberry for less
than ten cents.   Its own agent testified that he would
not have sold the plaintiff a ticket from Newberry to Helena
for *three cents,* or rather for any amount less than ten cents.
This being so, such ruling was not necessary in this cause;
it became an abstract question of law.   The ruling, as be-
fore said, whether right or wrong, did not affect this case.
So, therefore, subdivisions (1) (2) (3) of the third excep-
tion do not fairly arise upon the record, and are, therefore,
overruled.

It is the judgment of this Court, that the judgment of the
Circuit Court be affirmed.